Filed May 11, 1888.

———————◆———————

No. 13,245.

## HETH TOWNSHIP v. LEWIS ET AL.

TOWNSHIP TRUSTEE.—*Defalcation.*—*Allowance for Services.*—*Assignment of, to Sureties for Indemnity.*—*When Not Enforceable Against Township.*—The sureties on the bond of a defaulting township trustee can not recover against the township, as assignees of an order of the board of county commissioners, payable out of the township funds, given to the trustee for his services, and assigned for the indemnity of the sureties, so long as the township has an unpaid judgment against the township trustee

for money lost by his default, in excess of the amount of the order. The order of allowance is not a commercial instrument, and the sureties' rights are no greater than their principal's.

From the Harrison Circuit Court.

*B. P. Douglass* and *S. M. Stockslager,* for appellant.

*W. N. Tracewell* and *R. J. Tracewell,* for appellees.

ELLIOTT, J.—This action was instituted by the appellees upon an allowance made by the board of commissioners of Harrison county in favor of Benjamin S. Thornbury, trustee of Heth township, for services for the year ending October 16th, 1876.

A certified copy of the order was issued by the auditor to Thornbury, and he assigned it to Lewis W. Bowling, as trustee for the sureties on his official bond. Bowling subsequently assigned the certified order to the appellees. The order making the allowance contains this clause:

"It is therefore ordered by the board that B. S. Thornbury be allowed said sum of one hundred and seventy-two and $\frac{50}{100}$ dollars out of the proper funds of said township."

The answer of the appellant alleges that the order was assigned to Bowling as trustee for the sureties on Thornbury's official bond, to indemnify them against any loss they might sustain because of his default in failing to pay over money due the township; that an action was brought on the bond, and was defeated by the sureties, who filed a plea of *non est factum,* and that it was on the issue tendered by that plea that they were successful; that judgment was recovered against Thornbury for eighteen hundred dollars; that he then was and still is insolvent; that the judgment is in force and unsatisfied.

The appellees replied to this answer that, prior to the assignment of the order to Bowling as trustee, they had signed the bond of Thornbury; that an action had been instituted thereon which resulted as stated in the answer; that they expended in the defence of the action the sum of two hundred

dollars, and devoted ten days' time to the work of preparing for trial.

The answer is good, and the reply bad.   The township was not liable for services to its trustee who had wrongfully appropriated its funds, for the allowance by the board of commissioners did not vest in the defaulting officer a right to compel the township to pay him for services, while he was the debtor of the township in a sum largely in excess of the value of those services.

The order of allowance is not a commercial instrument, and is not protected as commercial paper in the hands of a *bona fide* holder, so that it is subject to the same defences in the hands of the appellees as it would have been in the hands of the defaulting trustee.   It is perfectly clear that a trustee who has unlawfully appropriated eighteen hundred dollars of the money of the township can not enforce a claim for services, and the rights of his assignees can not be any better than his.   The question seems to us too plain for discussion, for we can conceive no principle of law or justice which will justify a defaulting officer or his assignees in pressing a claim for services while a judgment for the money unlawfully appropriated by the officer remains in force.

We have not deemed it necessary to discuss the minor questions presented by the appellant's counsel, for the merits of the case are so decisively with their client that there is no necessity for passing upon questions not affecting the merits of the controversy.

Judgment reversed, with instructions to sustain the demurrer to the reply, and to proceed in accordance with this opinion.

Filed May 12, 1888.